BEALL, (COOK v.)  See Case No. 3,153.

## Case No. 1,162.

BEALL v. DICK et al.

[4 Cranch, C. C. 18.] [1]

Circuit Court, District of Columbia. May Term, 1830.

EVIDENCE—OFFICIAL COPY OF MORTGAGE—EQUITY.

An official copy of a mortgage of real estate is sufficient evidence, in equity, in Washington county, D. C., of the existence of the original mortgage, and of the debt due thereon.

In equity. Bill to foreclose a mortgage of real estate in Georgetown, D. C., made by

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

John Peter to T. B. Beall, the plaintiffs' testator. John Peter afterwards sold the land to Elizabeth Peter, who devised it to the defendants, Margaret Dick and others. The plaintiffs averred that the debt was still due and that the mortgage was a subsisting mortgage, and exhibited an office-copy. The debt and mortgage were admitted by the defendant, John Peter, the mortgagor, but not by the defendants, Margaret Dick and others, the devisees of Mrs. Peter, who called for proof of the execution of the mortgage and that the debt and mortgage were still subsisting and unsatisfied. The mortgage was made on the 4th and recorded on the 9th of August, 1809. The deed from John Peter to Elizabeth Peter was dated the 16th of April, 1810.

Mr. Jones, for the defendants, Dick et al., denied that the office-copy is evidence of the mortgage. There is a difference between mortgages and ordinary deeds of conveyance. A mortgage may be discharged by indorsement on the original deed; by acknowledgment of satisfaction, or tearing off the seal; or by destroying the instrument. Enrolment, in this country, is considered as implied notice in law, but not conclusive in equity. If the original is lost it should have been so averred in the bill, and that it was a subsisting security, and a subsisting debt; these defendants might then have denied the facts. They have had no notice that the plaintiffs meant to rely upon this copy. It is the common practice to exhibit copies in all cases, whether the originals are in the possession of the plaintiffs, or not; and the originals are produced at the hearing, and, if denied, may be proved ore tenus.

Mr. Marbury and Mr. Coxe, contra.

When a copy of a deed of lands from the record is produced, it is not necessary to produce the original deed, unless the original be particularly called for by previous notice, and then only when the execution of the original is put in issue. The copy is evidence of the existence of the original; and it is presumed to exist in full force until the contrary is shown. It is not necessary for the plaintiffs to aver that it is not cancelled; or not destroyed, or lost. But it is not a fact to be put in issue to the jury. It is a fact to be ascertained by the court, even at law; and a fortiori in equity as a ground for admitting secondary evidence. An exemplification of the record of the deed is as good evidence as the deed itself.

THE COURT (MORSELL, Circuit Judge, not sitting in this cause) was of opinion that the exemplification of the record of the mortgage was sufficient evidence of the existence of the mortgage and of the debt; and also permitted the affidavit of one of the plaintiffs to be read, as to the loss of the original deed. CRANCH, Chief Judge, however,

very much doubting as to the propriety of admitting the affidavit, as the court was of opinion that it was not incumbent upon the plaintiffs to produce, or to show the loss of, the original mortgage. See Laws Md. 178ĕ, c. 9, § 7, "or a full copy of the same from the record."